IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT MAHER,

                                                                                                                                          ORDER

                            Plaintiff,

                                                                                                                                       18-cv-1061-bbc

     v.

DOUG BELLILE,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Scott Maher is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes. He is proceeding on a claim that the center's broad policy restricting access to certain movies, books, music, magazines and photographs violates his First Amendment rights. Now before the court is plaintiff's motion to amend his complaint to add five new defendants, including the Secretary of the Department of Health Services, and the deputy director, security director, property captain and property sergeant at Sand Ridge. Dkt. #16. I will deny plaintiff's motion because it is unnecessary and unsupported.

      The only claim on which plaintiff is proceeding in this case is his claim that Sand Ridge's media policy is overly restrictive, in violation of the First Amendment. In his proposed amended complaint, plaintiff does not appear to be adding any new claims. Instead, he seeks to add several individuals who he says are responsible for either enforcing the policy or permitting it to be enforced. However, if plaintiff seeks only injunctive relief, he does not need to add more defendants to his case. As the director of Sand Ridge,

1

defendant would be in the position to implement any injunctive relief ordered by the court. If plaintiff is attempting to sue these newly proposed defendants for monetary damages based on specific actions they took against him, his allegations are too vague and conclusory to state a claim against any individual. He has not alleged any specific actions taken by any individual that violated his rights. Instead, he alleges only generally that these individuals were involved in enforcing the restrictive media policy.

Moreover, I would not permit plaintiff to add new claims for monetary relief against new defendants at this stage of the case. This case has been pending for more than a year, and dispositive motions are due next month. Plaintiff has provided no reason why he should be permitted to expand the case at this late date.

ORDER

IT IS ORDERED that plaintiff Scott Maher's motion for leave to amend his complaint, dkt. #16, is DENIED.

Entered this 18th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge