IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT MAHER,

                                                                                 OPINION and ORDER

                Plaintiff,

                                                                                  18-cv-1061-bbc

    v.

DOUG BELLILE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Scott Maher is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes. He is proceeding on a claim that the center's broad policy restricting access to certain movies, books, music, magazines and photographs violates his First Amendment rights. In the original scheduling order, dispositive motions were due on June 26, 2020. Dkt. #15. The court extended the deadline to July 24, 2020, at defendant's request. Dkt. #19. On July 21, defendant filed a motion to compel plaintiff to sign a medical release, and requests that the summary judgment deadline be stayed until at least 14 days after plaintiff has done so. Dkt. #22.

      I am denying defendant's motion for several reasons. First, I agree with plaintiff that defendant's proposed medical release seeks information that falls far outside the scope of this case. Plaintiff's only claim in this case is his First Amendment claim challenging Sand Ridge's media policy. Yet, defendant's proposed medical release seeks access to all of plaintiff's "protected health information," including alcohol and drug treatment records, HIV

1

and AIDS test results and "all records, reports, documents, materials, notes, memoranda, correspondence, x-rays, photographs, insurance forms and all billings" relating to plaintiff's "physical or mental condition." Dkt. #23-1 at 11. Most of these records have no possible relevance to plaintiff's First Amendment claim.

Defendant states that some of plaintiff's medical records could explain why plaintiff was denied access to certain media. However, defendant does not develop this argument. For example, defendant does not say that plaintiff's medical or mental health providers have a role in deciding whether plaintiff has access to media otherwise banned by Sand Ridge's media policies. Defendant also does not say that the individuals responsible for making media and property decisions have access to plaintiff's health records, or that any expert witness will give the opinion that plaintiff should be denied access to certain media based on his health records. (Defendant did not disclose any expert witness.) In fact, defendant does not identify any specific type of records that he thinks would be relevant to the claim at issue in this case.

Moreover, in responding to plaintiff's discovery requests, defendant stated that "all patients" must adhere to Sand Ridge's property policy, and that "[w]hen one movie is denied, it is denied for all patients; it is not on a patient-by-patient basis." Dkt. #23-1, ¶ 7. If defendant now takes the position that some media requests are evaluated on an individualized basis, or that the property policy was formed after reviewing plaintiff's medical records, defendant should explain his position.

Defendant also argues that because plaintiff is in the custody of the Department of Health Services, all of plaintiff's records kept at Sand Ridge qualify as "protected health information," including records of plaintiff's grievances or requests for certain media or property. Defendant cites no factual or legal authority to support his assertion, but even if it is accurate, defendant does not explain why he cannot limit the scope of the requested medical release to include only those documents directly relevant to plaintiff's requests for certain media or letters challenging the media policy.

Finally, defendant provides no reason why he waited until three days before summary judgment was due to file a motion to compel plaintiff to sign the medical release. Defendant says he first sent the medical release to plaintiff on June 17, 2020, approximately one month before the dispositive motions deadline, which had been extended already. Although defendant now tries to blame plaintiff for his inability to file a timely summary judgment motion, it is clear that defendant has delayed unreasonably in gathering evidence to litigate this case.

For all of these reasons, I will deny defendant's motion to compel and motion to stay the summary judgment deadline. If defendant wants to review plaintiff's medical records, he must draft a medical release that is limited in scope to the documents directly relevant to the First Amendment claim in this case. That being said, I will give the parties one additional week to prepare summary judgment motions.

ORDER

IT IS ORDERED that defendant Doug Bellile's motion to compel and to stay summary judgment, dkt. #22, is DENIED. The dispositive motions deadline is extended to July 31, 2020.

Entered this 22nd day of July, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge